## AS TO WHETHER A LAW IS OF A GENERAL NATURE.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL DANIEL GINDELSPERGER, V.
ROBERT C. WRIGHT, AUDITOR.

Decided, June 25, 1904.

*Constitutional Law—Law to Compensate an Individual Not a Law of a General Nature.*

Laws passed in the fulfillment of an obligation of the state or any of its agencies to an individual with respect to past transactions, are not laws of a ·general nature controlled by Section 26 of the Constitution of Ohio.

*C. A. Neff,* for plaintiff.
*C. W. Stage,* contra.

HALE, J.; WINCH, J., and· LAUBIE, J. (sitting in place of Marvin, J.), concur.

It appears from the petition that prior to August 7, 1899, the jurisdiction of the Cleveland City Board of Elections by statute extended to the entire county of Cuyahoga. In the case of *Wilmot et al* v. *Buckley et al* this statute extending the jurisdiction of the city board beyond the city limits was held by the Supreme Court to be invalid. Thereupon, on the 7th day of August, 1899, deputy state supervisors were appointed for the county of Cuyahoga by virtue of a statute under which deputy state supervisors were appointed for all the counties of the state, with the exception of Hamilton and Cuyahoga counties. These counties were excepted from the operation by the terms of that statute. The deputy state supervisors draw such compensation as was then provided by the statute for deputy supervisors throughout the state. This compensation was entirely inadequate for the services required to be performed in Hamilton and Cuyahoga counties.

On the 10th day of April, 1900, the Legislature of the state passed an act providing for the additional compensation to be paid to the supervisors of these two counties. The state super-

visors of Hamilton county draw the additional compensation provided by that act without objection. The state supervisors of Cuyahoga county were less fortunate. Objection was made to the receipt of the additional compensation provided by that act, and sustained by the Supreme Court. That court held that the act by which it was attempted to provide such additional compensation was unconstitutional, for the reason that it was not passed by two-thirds vote of the two houses of the Legislature.

On the 23d of April, 1904, an act similar in all respects to the act of April 10, 1900, was passed by the Legislature, and by a two-thirds vote. That act is in terms as follows:

*"Be it enacted by the General Assembly of the State of Ohio*:

"Section 1. That each of the deputy state supervisors for the conduct of elections in Cuyahoga county, appointed, qualified and acting as such prior to August 6, 1900, for services rendered by them prior to August 6, 1900, shall be paid, in addition to the sum already allowed to them by law, the sum of $800, to be paid out of the county treasury of Cuyahoga county as other county expenses, upon vouchers approved by the deputy state supervisors of elections for Cuyahoga county, and the county commissioners of said county shall make the necessary levy to meet the same. And the clerk of said deputy state supervisors, elected, qualified and acting as such prior to August 6th, 1900, for services rendered during the same time, shall be paid the sum of $100, to be paid out of the said county treasury as other county expenses, upon voucher approved by the deputy state supervisors of elections for Cuyahoga county and the said county commissioners shall make the necessary levy to meet the same."

The petition shows that the relator, during the time covered by this statute, acted as one of the deputy state supervisors for Cuyahoga county; that he has demanded of the auditor a warrant upon the county treasury for the sum named in said statute, which the auditor refused and still refuses to draw. The object of this petition is to compel the issuing of such a warrant to the relator.

This act attempts, as did the act of April 10, 1900, to provide additional compensation for deputy state supervisors serving in Cuyahoga county prior to August 6, 1900.

We reached the conclusion in our investigation of the act of 1900, that the claim made by the relator and others was just and reasonable; that the Legislature was fully justified in providing for the additional compensation, if it could be done legally. The only specification on which the former act was declared to be unconstitutional was that it had not been passed by a two-thirds vote. That objection does not lie against the present law. It was passed by a two-thirds vote.

First, it is said that this act is obnoxious to Article XIII, Section 1 of the Constitution, which provides that the General Assembly shall pass no special act conferring corporate power.

It is a sufficient answer to this objection, that the county upon whom the burden of paying this claim sets is not a corporation, and the transaction not within the terms of the clause of the Constitution above quoted.

Again, it is said that the act is obnoxious to Article II, Section 28 of the Constitution, being retroactive.

Again, it is said that it is obnoxious to Article II, Section 26, which provides:

"All laws of a general nature shall have a uniform operation throughout the state, nor shall any act, except such as relates to public schools, be passed to take effect upon the approval of any other authority than the General Assembly, except as otherwise provided in this Constitution."

Article II, Section 28, reads:

"The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

These two sections are immediately followed by Section 29 of Article II, which reads:

"No extra compensation shall be made to any officer, public agent, or contractor, after the service shall have been rendered, or the contract entered into; nor shall any money be paid on any claim, the subject-matter of which shall not have been provided

for by pre-existing law, unless such compensation, or claim, be allowed by two-thirds of the members elected to each branch of the General Assembly.''

It is manifest that Section 29 provides for a definitely defined case not controlled by Sections 26 and 28. It provides for extra compensation to an officer, to a public agent, to a contractor. In each instance it is manifest that the Constitution was intended to confer upon the Legislature power to grant extra compensation to the individual for services rendered. or contracts entered into. Such object can only be attained by a special act.

Laws providing compensation for services of an officer undoubtedly are laws of a general nature and should have a uniform operation throughout the state. Laws passed in the fulfillment of an obligation of the state or any of its agencies to the individual with respect to past transactions are not laws of a general nature, controlled by Section 26. With the restriction that the act must be passed by a two-thirds vote of the Legislature, it becomes, when so passed, a binding act. It is difficult to see why an act, passed for the purpose of compensating an individual for services rendered the state should be held to be a law of a general nature. The very nature of the transaction forbids such holding. The subject-matter covered by the statute is a single transaction between the state and the individual and in no sense a law of a general nature. If this law is not an act of a general nature and not retroactive in its operation, then it is a valid enactment.

The demurrer to the petition is overruled.